Tbe opinion of tbe Court was delivered by
O’Neall, J.
Tbe prisoner’s first ground raises tbe question, wbetber, after challenging a juror peremptorily, tbe challenge allowed, tbe juror baying left tbe.box, and tbe prisoner’s -counsel having ascertained from tbe juror that there was a connection by marriage (not relationship), be .could withdraw bis peremptory challenge, and challenge for cause ?
I answer tbe question, Tie could not! A peremptory challenge, Hawkins in bis 2 Book, 43 chap., 4 §, page 570, tells us, must be “ taken by tbe prisoner himself, even in such cases wherein he may have counsel.” This direction, it would be well should be more strictly attended to in practice. This challenge proceeds upon tbe notion, that tbe prisoner may upon looking at tbe juror be unwilling be should try him. When be has announced bis rejection, I do not see bow be can revoke it, otherwise than that be may be permitted, when bis rejection was tbe result of a sudden mistake, to take him as one of bis jury: or Avben tbe panel being exhausted, be elects to take one, whom be bad previously rejected. U. S. vs. Porter, 2 Dall. 345.
*356 In Baldwin's case, 1 Tread. 289, 3 Brev. 309, it was beld, tbat a juror could not be examined to ascertain the cause, why be should not sit. Here, the course pursued is a greater violation of legal propriety. For the juror is excluded, and then examined by the prisoner’s counsel to ascertain the supposed relationship: and then be is to be put back to make a challenge for cause.
If, however, there was any sort of ground to question the ruling below, how can the prisoner now complain ? He did not exhaust the panel before he completed the jury of his choice. How can he ask for a new trial, when he has been tried by twelve good and lawful men freely selected by himself? I confess I think this is an end of his ground.
.The third ground with my entire concurrence has been decided against the prisoner in The State vs. Boatwright. I hope the rule, which conforms to English practice, and is not contrary to our statute law, which does not, at all, conflict with the Constitution, and which corrects an abuse, arising under our former practice, will never more be drawn in question. It has worked well, on every trial since it went into operation. It has prevented and may prevent guilty men from escaping the punishment due to their crimes. But it has never endangered, and never will endanger an innocent man. It preserves jury trials from the contamination of fraud, bribery, and undue influence, and is thus entitled to the support of honest and just thinking men, after time has been given to calm down, and reflect.
The motion is dismissed.
Whitker, Glover and Mustro, JJ., concurred.

Motion dismissed.